Koster v. Hiller.

---

## CHRISTIAN KOSTER ET AL.
### v.
## BODO HILLER.

1. VOLUNTARY CONVEYANCE—NOT FRAUDULENT.—The mere fact of an existing indebtedness does not render a voluntary conveyance absolutely fraudulent as against existing creditors, if there is no express intention on the part of the grantor to delay or defraud them in the collection of their debts.

2. PROOF REQUIRED OF PLAINTIFF.—To impeach such a conveyance, the complainant must aver and prove that at the time of the conveyance he was a creditor, and that the grantor was then insolvent, or such facts and circumstances as will authorize a court or jury to presume insolvency.

3. GIFT TO WIFE.—No creditor without a lien, has any right to complain that a debtor is giving property to his wife or children, unless he can establish the fact that he has not retained enough to satisfy existing indebtedness.

APPEAL from the Circuit Court of Cook county; the Hon. W. W. FARWELL, Judge, presiding. Opinion filed May 2, 1879.

Mr. EGBERT JAMIESON, for appellants; that a voluntary conveyance to a wife, where there is no actual fraudulent intention, and where sufficient property is left to satisfy existing indebtedness, is valid, cited Emerson v. Bemis, 69 Ill. 537.

It should appear that there were creditors existing at the time of the conveyance: Kennedy v. Merriam, 70 Ill. 228.

The mere fact of an existing indebtedness does not render a voluntary conveyance void if there was no intention to defraud creditors: Van Wyck v. Seward et al. 6 Paige Ch. 62; Moritz v. Hoffman, 35 Ill. 553.

It must be averred and proved that the grantor at the time of the conveyance was insolvent: Moritz v. Hoffman, 35 Ill. 553; Patrick v. Patrick, 77 Ill. 555.

BAILEY, J. In this case, Bodo Hiller, the appellee, filed his bill in chancery against Christian Koster, Catharine Koster, his wife, and August Worthdurft, the appellants, to set aside as fraudulent the conveyance of certain property from said Christian Koster to said Worthdurft, and from the latter to said Catharine Koster, and to subject said property to sale, in satisfaction of a certain judgment recovered by the appellee against said Christian Koster. The judgment in question was recovered on the 15th day of May, 1875, in an action of trespass for an assault and battery committed by said Koster upon appellee, on the 15th day of August, 1873.

It appears that shortly after the commission of the assault and battery, said Koster was prosecuted criminally therefor, before a justice of the peace, and convicted and fined $20. From

Koster v. Hiller.

this judgment he appealed to the Criminal Court of Cook county, where said conviction was reversed, and the suit dismissed without a trial. Subsequently, but at what precise date the record fails to disclose, a civil suit for the trespass was commenced against said Koster, resulting in a judgment against him for $500 and costs. On the thirtieth day of June, 1875, an execution on said judgment was returned unsatisfied, whereupon the present bill was filed.

The property in question consists of a house and lot which Christian Koster and wife have occupied ever since July 28, 1871, as their homestead. It is admitted that the two conveyances whereby the title to said property passed from Christian Koster to his wife, were without a valuable consideration, and the bill alleges that said conveyances were made in anticipation of the recovery of said judgment, and with a fraudulent intent of preventing a sale thereof to satisfy the same. It appears that said conveyances were made during the pendency of the appeal in said criminal prosecution, and some time before the commencement of said civil suit, and the defendants, in their answer, deny that said conveyances were made with the intention of delaying, hindering or defrauding the complainant, or any other person, and aver that said Christian Koster, being at that time a police officer of the city of Chicago, and knowing it to be an extremely dangerous occupation, thought it an act of prudence and discretion to provide for his wife and family in the event of his death. Also, that he then contemplated a visit to Europe, and in anticipation of his possible death during such trip, he made a gift of said premises to his wife; that at that time he had no anticipation of a civil suit against him, and that the conveyances were made for the purpose of providing a homestead for his wife and family, and without any design of defrauding any creditor.

There is no evidence in the record of any fraudulent intent in making said conveyances, beyond what is disclosed in the answers of the defendants. The question arises whether the mere fact that the conveyance from the principal defendant to his wife was a purely voluntary settlement of said property on her renders said conveyance fraudulent and void as to the plaintiff, whose cause of action was subsisting at the time.

It should be observed that there is no averment or proof of the insolvency of Koster at the date of the conveyance. There is no averment in the bill, nor does the record disclose any evidence tending to show that he was then indebted to any other person than the plaintiff, nor that he was not then the owner of abundance of property, other than that conveyed, to pay all his just debts and liabilities. It is true, there is an averment of his insolvency at the time of filing the bill, which was about two years subsequent to the conveyance, and the return of the officer on the execution is evidence that at the time the return was made he had no property subject to execution. Proof, however, of his pecuniary circumstances at the date of the return does not establish his circumstances at the time of the conveyance, nearly two years before.

The mere fact of an existing indebtedness does not render a voluntary conveyance absolutely fraudulent or void in law, as against existing creditors, if there is no express intention on the part of the grantor to delay or defraud them in the collection of their debts. Van Wyck v. Seward et al. 6 Paige, 62. To impeach such a conveyance successfully, it is incumbent upon the complainant to aver and prove that he was a creditor at the time, and that the grantor was then insolvent, or such facts and circumstances as would authorize a court or jury to presume insolvency. No creditor, without a lien, has any right to complain that his debtor is giving away property to his wife or children, unless such creditor can establish the fact that he has not retained enough to satisfy existing debts. Moritz v. Hoffman et al. 35 Ill. 553. In Patrick v. Patrick, 77 Ill. 555, the Supreme Court, in discussing the same principles under consideration here, uses the following language: "If we consider the conveyance to appellee as purely a voluntary settlement on her by her husband, inasmuch as there is no allegation in the bill that her husband was then insolvent, and it is not shown that the conveyance had a direct tendency to impair the rights of creditors, there could be no recovery. The rule recognized by this court, following the current of authority, is that mere indebtedness at the time will not, *per se* establish that a voluntary conveyance was void, unless the other

circumstances of the case justly create a presumption of fraud, actual or constructive, from the condition, state and rank of the parties, and the direct tendency of the conveyance to impair the rights of creditors."

We are unable to discover in the present record any facts or circumstances shown by the pleadings or proofs, beyond the mere fact of the existence of the plaintiff's claim, and that the conveyance to Mrs. Koster was voluntary, having any tendency to raise the presumption of fraud. From the authorities above cited, it clearly appears that such facts alone do not create such presumption. The court below having, by its decree, set aside said conveyances as fraudulent, we think such finding unsupported by either the pleadings or proofs in the case. The decree must therefore be reversed and the cause remanded.

Reversed and remanded.